MORGAN, LEWIS & BOCKIUS LLP
Carla B. Oakley, Bar No. 130092
Lindsey M. Shinn, Bar No. 267629
carla.oakley@morganlewis.com
lindsey.shinn@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Tel:    +1.415.442.1000
Fax:   +1.415.442.1001

*Attorneys for Defendant City and County of San Francisco*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAMERON MOBERG,<br><br>          Plaintiff,<br><br>    vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>          Defendants. | Case No. 5:24-cv-00068-BLF<br><br>**ANSWER**<br><br>Trial Date:        None set<br><br>Complaint Filed: January 4, 2024 |

Defendant City and County of San Francisco (the "City" or "Defendant") hereby responds to the Complaint of Plaintiff Cameron Moberg ("Plaintiff") as follows. Defendant denies all allegations in the Complaint that are not expressly admitted below. Defendant denies that Plaintiff is entitled to the requested relief or any other relief.

## JURISDICTION AND VENUE[1]

1.     Defendant admits that Plaintiff has asserted claims under the Copyright Act. Except as expressly admitted, Defendant denies the allegations in Paragraph 1.

2.     Defendant admits the allegations in Paragraph 2.

3.     Defendant admits that the Court has personal jurisdiction over Defendant and that Defendant conducts business in this judicial district. Defendant denies the remainder of the

---

[1] Headings are adopted from the Complaint for reference only and are not admissions.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ANSWER
CASE NO. 5:24-CV-00068-BLF

DB2/ 48244671.3

allegations in Paragraph 3.

4. Defendant admits that that venue is appropriate here. Defendant denies the remainder of the allegations in Paragraph 4.

## PARTIES

5. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 5, and on that basis denies them.

6. Defendant admits it does business within this district. Defendant denies its principal place of business is at 1 Dr. Carlton B. Goodlett Pl., San Francisco, CA 94102.

7. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 7, and on that basis denies them.

8. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 8, including because the "remaining Defendants" are not identified, and on that basis denies them.

## CLAIMS RELATED TO PLAINTIFF'S MURAL

9. Defendant admits that Plaintiff created the VISITACION VALLEY mural that is the subject of Plaintiff's claims. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 9, and on that basis denies them.

10. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 10, and on that basis denies them.

11. Defendant denies that Plaintiff complied in all respects with the Copyright Act. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 11, and on that basis denies them.

12. Defendant admits Plaintiff has displayed the Subject Mural. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 12, and on that basis denies them.

13. Defendant admits Plaintiff has displayed and reproduced the Subject Mural. Defendant denies that Plaintiff's name appears on the Subject Mural. Defendant is without

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 48244671.3

2

ANSWER
CASE NO. 5:24-CV-00068-BLF

sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 13, and on that basis denies them.  Defendant further answers that it denies statements that are legal conclusions and not statements of fact that can be admitted or denied.

14. Defendant admits that the copies and screen captures depicted in Exhibit B to the Complaint were part of the City's public power outreach campaign.  Defendant denies the remaining allegations in Paragraph 14.

15. Defendant admits it had access to the Subject Mural by virtue of its public display on a building, as well as its availability on internet search engines.  Defendant denies having access to the Subject Mural through any other means.  Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 15, including where the Subject Mural may be available, and on that basis denies them.

16. Defendant admits that a portion of the Subject Mural, including the unprotectable wording VISITACION VALLEY, was included in public service announcements for Defendant's public power initiative.  Except as expressly admitted, Defendant denies the allegations in Paragraph 16.

17. Defendant admits that the City received a letter from Plaintiff's attorneys dated September 21, 2023.  Defendant admits the letter stated that the City had "reproduced and publicly displayed [Plaintiff's] copyright mural…in advertisements promoting [the City's public] power [outreach campaign]."  Defendant admits that the letter also demanded the City "immediately cease and desist" publication and display of the Subject Mural.  Defendant denies the remaining allegations in Paragraph 17, including because the City had informed Plaintiff on July 7, 2023 that the public outreach campaign had already ended.

### FIRST CLAIM FOR RELIEF

18. Defendant incorporates its responses to the corresponding Paragraphs.

19. Defendant admits it had access to the Subject Mural by virtue of its public display. Defendant denies the remaining allegations in Paragraph 19.

20. Defendant admits that the screen captures depicted in Exhibit B to the Complaint

were part of the City's public power outreach campaign.  Defendant denies the remaining allegations in Paragraph 20.

21. Defendant denies the allegations in Paragraph 21.

22. Defendant denies the allegations in Paragraph 22.

23. Defendant denies the allegations in Paragraph 23.

24. Defendant denies the allegations in Paragraph 24.

## SECOND CLAIM FOR RELIEF

25. Defendant incorporates its responses to the corresponding Paragraphs.

26. Defendant denies the allegations in Paragraph 26.

27. Defendant denies the allegations in Paragraph 27.

28. Defendant denies the allegations in Paragraph 28.

29. Defendant denies the allegations in Paragraph 29.

30. Defendant denies the allegations in Paragraph 30.

## THIRD CLAIM FOR RELIEF

31. Defendant incorporates its responses to the corresponding Paragraphs.

32. Defendant denies the allegations in Paragraph 32.

33. Defendant admits that the images in Exhibit B to the Complaint were part of the City's public power outreach campaign.  Defendant denies the remaining allegations in Paragraph 33.

34. Defendant denies the allegations in Paragraph 34.

35. Defendant denies the allegations in Paragraph 35.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any relief in connection with the allegations of its Complaint, including, without limitations, the allegations of Paragraphs 1-8 of its Prayer for Relief.

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses in response to Plaintiff's Complaint:

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

ANSWER
CASE NO. 5:24-CV-00068-BLF

DB2/ 48244671.3

### First Affirmative Defense

One or more of Plaintiff's claims for statutory damages and attorneys' fees under 17 U.S.C. § 504 is barred because any alleged infringement of Plaintiff's copyright did not commence after the effective date of Plaintiff's copyright registration, as required by 17 U.S.C. § 412.

### Second Affirmative Defense

One or more of Plaintiff's claims for statutory damages and attorneys' fees under 17 U.S.C. § 504 are barred because Plaintiff's copyright registration was not made within three months after the first publication of the allegedly infringing work, as required by 17 U.S.C. § 412.

### Third Affirmative Defense

On information and belief, Plaintiff's claims are barred because Plaintiff's copyright registration is invalid for containing inaccurate information on the application with knowledge that it was inaccurate under 17 U.S.C. § 411.

### Fourth Affirmative Defense

Any reproduction, display, derivation, publication or distribution of any valid copyright of the Plaintiff by Defendant is either fair use protected by the provisions of 17 U.S.C. § 107 or is *de minimis*.

### Fifth Affirmative Defense

Plaintiff's damages, if any, should be reduced due to his failure to mitigate damages.

### Sixth Affirmative Defense

Plaintiff's claims for damages are barred, in whole or in part, because the purported damages are speculative or uncertain.

### Seventh Affirmative Defense

Plaintiff fails to state a claim on which relief can be granted.

### Eighth Affirmative Defense

Defendant's conduct was innocent, non-infringing, and not a willful infringement of copyright.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

ANSWER
CASE NO. 5:24-CV-00068-BLF

DB2/ 48244671.3

**Ninth Affirmative Defense**

To the extent Plaintiff's request for equitable relief includes injunctive relief, Plaintiff is not entitled to injunctive relief as he has, at a minimum, an adequate remedy at law for the claims alleged in the Complaint and no irreparable injury. Moreover, Plaintiff substantially delayed in filing and serving the Complaint.

Defendant reserves the right to assert additional defenses as they become known through further investigation and discovery.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant prays that the Court enter judgment in its favor and against Plaintiff as follows:

1. For dismissal of Plaintiff's action with prejudice;
2. For an order that Plaintiff shall take no relief from their complaint herein;
3. For an award of Defendant's costs and attorneys' fees herein incurred; and
4. For such other relief as this Court may deem just and proper.

Dated: June 10, 2024                    MORGAN, LEWIS & BOCKIUS LLP

                                        By   */s/ Carla B. Oakley*
                                           Carla B. Oakley
                                           Attorneys for Defendant
                                           City and County of San Francisco

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

ANSWER
CASE NO. 5:24-CV-00068-BLF

DB2/ 48244671.3