Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
Frank R. Trechsel (SBN 312199)
ftrechsel@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAMERON MOBERG, an individual,<br><br>Plaintiff,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO; CLEAR CHANNEL OUTDOOR, LLC, a Delaware limited liability company; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 5:24-cv-00068-BLF<br><br>**PLAINTIFF'S COMPLAINT FOR:**<br><br>1. COPYRIGHT INFRINGEMENT;<br>2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT; AND<br>3. VIOLATION OF THE DMCA: 17 U.S. Code § 1202<br><br>**Jury Trial Demanded** |

Cameron Moberg ("Moberg"), by and through his undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3. The Court has personal jurisdiction over Defendants and each of them because Defendants have purposefully directed their unlawful conduct to this judicial district and have conducted substantial business in this judicial district.

4. Venue is proper under 28 U.S.C. § 1391(c) and 1400(a) because a substantial part of the acts and omissions giving rise to the claims occurred here.

## PARTIES

5. Moberg is an individual residing in California.

6. Upon information and belief, Moberg alleges that Defendant CITY AND COUNTY OF SAN FRANCISCO ("The City") is doing business within this District, having its principal place of business at 1 Dr. Carlton B. Goodlett Pl., San Francisco, CA 94102.

7. Upon information and belief, Moberg alleges that Defendant CLEAR CHANNEL OUTDOOR, LLC ("Clear Channel") is a Delaware limited liability company doing business within this District, having its principal place of business at 4830 North Loop 1604 West, Suite 111, San Antonio, Texas 78249.

8. Defendants Does 1 through 10, inclusive (collectively with The City and Clear Channel, "Defendants"), are other parties not yet identified who have infringed Moberg's copyrights, have contributed to the infringement of Moberg's copyrights, or have engaged in one or more of the wrongful practices alleged herein. Their true names, whether corporate, individual or otherwise, are presently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names, and will seek

leave to amend this Complaint to show their true names and capacities when same have been ascertained.

9. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff's proximately caused thereby.

## CLAIMS RELATED TO PLAINTIFF'S MURAL

10. Moberg is a renowned professional artist known for his large-scale murals with an emphasis on nature and the combination of abstraction and realism. He has also curated mural festivals around the country featuring his artwork along with the work of several other muralists.

11. Moberg created and owns the original mural, entitled "Visitacion Valley" depicted in **Exhibit A** attached hereto (the "Subject Mural").

12. Moberg complied in all respects with the Copyright Act, 17 U.S.C. § 101, *et. seq.*, and is the sole owner of the exclusive rights, title, interests, and privileges in and to the Subject Mural, which Moberg has registered with the United States Copyright Office.

13. Prior to the acts complained of herein, Moberg widely publicly displayed and disseminated the Subject Mural.

14. Moberg has consistently displayed and reproduced the Subject Mural with identifying information such as the title of the Subject Mural, Moberg's name, and Moberg's trade name, which all constitute copyright management information as defined in 17 U.S.C. § 1202(c).

15. Defendants, and each of them, have willfully copied, reproduced, and publicly displayed the Subject Mural for financial benefit by, without limitation, reproducing the Subject Mural in advertisements promoting The City's power through Clear Channel. True and correct copies and screen captures of Defendants' unauthorized uses are depicted in **Exhibit B** attached hereto ("Infringing Content"). These copies and screen captures represent non-inclusive exemplars of the Infringing Content. The Infringing Content is undoubtedly commercial in nature, as it reflects Defendants, and each of their, promotional efforts.

16. Upon information and belief, Moberg alleges that Defendants, and each of them, had access to the Subject Mural, including through Moberg's numerous online profiles and features, publications and articles featuring Moberg's work, Moberg's social media accounts, and/or through viewing the Subject Mural on third-party websites (e.g., Tumblr, Pinterest, internet search engines, etc.).

17. Moberg has not in any way authorized Defendants to copy, reproduce, duplicate, disseminate, distribute, or create derivative works of the Subject Mural. Yet Defendants, including the individual Defendants, copied, reproduced, displayed, and distributed Moberg's copyrighted work.

18. On September 21, 2023, Moberg through his attorneys, sent a letter to The City notifying the Defendant of its infringing activity and demanding The City cease and desist all infringing uses of Moberg's copyrighted work. The City has failed to meaningfully respond, necessitating this action.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement – Against all Defendants, and Each)

19. Moberg repeats, re-alleges, and incorporates herein by reference as though fully set forth; the allegations contained in the preceding paragraphs.

20. Upon information and belief, Moberg alleges that Defendants, and each of them, accessed the Subject Mural by, without limitation, viewing the Subject

Mural as it was publicly displayed. Access is additionally evidenced by the Subject Mural's exact reproduction in the Infringing Content.

21. Upon information and belief, Moberg alleges that Defendants, and each of them, copied, reproduced, displayed, and distributed the Subject Mural as seen, without limitation, in the screen captures attached hereto as **Exhibit B**.

22. Upon information and belief, Moberg alleges that Defendants, and each of them, infringed Moberg's copyrights by creating infringing derivative works from the Subject Mural and displaying same to the public.

23. Due to Defendants', and each of their, acts of infringement, Moberg has suffered general and special damages in an amount to be established at trial.

24. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Moberg's rights in the Subject Mural. As such, Moberg is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Moberg's rights in the Subject Mural in an amount to be established at trial.

25. Upon information and belief, Moberg alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to a preclusion from asserting certain equitable and other defenses.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement – Against all Defendants, and Each)

26. Moberg repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

27. Upon information and belief, Moberg alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and distribution of the Subject Mural as alleged hereinabove. Such

conduct included, without limitation, publicly displaying copies obtained from third parties that Defendants(s) knew, or should have known, were not authorized to be displayed by Defendant(s).

28. Upon information and belief, Moberg alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct. Specifically, Defendants, and each of them, received revenue in connection with the Infringing Content, and were able to supervise the distribution and display of said content.

29. By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Moberg has suffered general and special damages in an amount to be established at trial.

30. Due to Defendants', and each of their, acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Moberg's rights in the Subject Mural. As such, Moberg is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of his rights in the Subject Mural, in an amount to be established at trial.

31. Upon information and belief, Moberg alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to a preclusion from asserting certain equitable and other defenses.

### THIRD CLAIM FOR RELIEF

(For Violations of the 17 U.S.C. §1202 – Against all Defendants, and Each)

32. Moberg repeats, re-alleges, and incorporates herein by reference as though fully set forth; the allegations contained in the preceding paragraphs.

33. Upon information and belief, Moberg alleges that Defendants, and each of them, removed Moberg's copyright management information, as described above,

from the Subject Mural, and/or added false copyright management information to the Subject Mural, attributing it to another artist and/or source, before distributing and displaying same.

34. Upon information and belief, Moberg alleges that Defendants, and each of them, distributed and displayed the Subject Mural publicly, including but not limited to those exploitations reflected in **Exhibit B** hereto bearing its own name, and removing Moberg's attribution information, including without limitation his name and/or metadata.

35. The aforementioned acts constitute "copyright management information" as that phrase is defined in 17 U.S.C. § 1202(c) and is false.

36. When Defendants distributed and displayed the Subject Mural, they knowingly provided and/or distributed false copyright management information in violation of 17 U.S.C. § 1202(a). As a result of the foregoing, Moberg has been damaged and may recover those damages as well as Defendants' profits, and/or statutory damages, and attorneys' fees under 17 U.S.C. § 1203.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

1. That Defendants, and each of them, as well as their employees, agents, or anyone acting in concert with them, be enjoined from infringing Moberg's copyrights in the Subject Mural, including without limitation an order requiring Defendants, and each of them, to remove any content incorporating, in whole or in part, the Subject Mural from any billboard, print, web, or other publication owned, operated, or controlled by any Defendant.
2. That Moberg be awarded all profits of Defendants, and each of them, plus all losses of Moberg, plus any other monetary advantage gained by the Defendants, and each of them, through their infringement, the exact sum to

be proven at the time of trial, and, to the extent available, statutory damages as available under the 17 U.S.C. § 504 and other applicable law.

3. That a constructive trust be entered over any revenues or other proceeds realized by Defendants, and each of them, through their infringement of Moberg's intellectual property rights;
4. That Moberg be awarded his attorneys' fees as available under the Copyright Act U.S.C. § 505 and/or § 1203;
5. That Moberg be awarded his costs and fees;
6. That Moberg be awarded statutory and enhanced damages;
7. That Moberg be awarded pre-judgment interest as allowed by law; and,
8. That Moberg be awarded further legal and equitable relief as deemed proper.

# JURY DEMAND

Moberg demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: July 1, 2024        By:     /s/ Scott Alan Burroughs
                                   Scott Alan Burroughs, Esq.
                                   Frank R. Trechsel, Esq.
                                   DONIGER / BURROUGHS
                                   *Attorneys for Plaintiff*